Alfred Gutwillig, Plaintiff, *v.* Morris Wiederman and Others, Respondents; William H. Schmohl and Others, Composing the Firm of M. Kane & Son, Appellants, Impleaded with Others.

*Surplus moneys — damages for a breach of contract secured by a subsequent mortgage — right of the referee to determine such damages — measure of damages.*

The owner of premises in Sixteenth street in New York city conveyed them to contractors subject to an existing mortgage and agreed to take an additional mortgage for the remainder of the purchase price, and to make advances for the erection of buildings on the premises, such advances to be secured by mortgages to be given by the contractors. Two of such mortgages were given, one on the Sixteenth street property and one on premises owned by the contractors in Twelfth street, the latter being collateral to a bond conditioned that, in case the contractors should make good all damages which the grantor might sustain by reason of their failure to perform said building loan agreement or any part thereof as aforesaid, then the obligation should be void. Before the completion of the buildings the contractors failed, and the work was abandoned, and upon the foreclosure of the purchase-money mortgage on the Sixteenth street property there still remained an amount due the grantor for advances, the only security for which was the mortgage on the Twelfth street property.

Upon an appeal from the report of a referee appointed in proceedings to determine the disposition of the surplus money arising from the sale of the Twelfth street property, upon foreclosure of a prior mortgage thereon, which fund was claimed both by the assignees of the grantor holding the mortgage above mentioned and by the holders of a third and subsequent mortgage on the Twelfth street property, given to secure a debt of the contractors, it was

*Held,* that the referee in such a proceeding had power to determine the amount of the damages secured by the mortgage given to the grantor;

That the rights of the grantor of the Sixteenth street property were fixed when the contractors abandoned their contract, and that he, having lost everything by way of security except the mortgage on the Twelfth street property, could claim under that mortgage all the ascertained damage directly consequent upon the breach of the condition of the bond to which it was collateral;

That he was entitled to the surplus money arising on the sale of the Twelfth street property to the extent of the advances made by him towards the improvement of the Sixteenth street property, secured by the mortgage on the Twelfth street property.

Appeal by the defendants and claimants, William H. Schmohl and others, composing the firm of M. Kane & Son, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the

13th day of September, 1897, confirming the report of a referee in surplus-money proceedings.

*Frank Barker,* for the appellants.

*Walter Large,* for the respondents.

PATTERSON, J.:

This is an appeal from an order confirming a referee's report in a surplus-money proceeding. The premises situated in East Twelfth street, in the city of New York, were sold under a foreclosure judgment. There were two claimants to the fund, each the owner of a mortgage on such premises. That of the claimants Schmohl and Kane was dated January 30, 1895, and was recorded the same day; that of the claimants Ames was dated February 11, 1895, and was recorded February 13, 1895. The referee reported in favor of the Ames, the junior mortgagees, upon the following state of facts: The premises in November, 1894, belonged to Wiederman & Rosenbaum. At that date Alfred Gutwillig was the owner of other premises situated in West Sixteenth street, in the city of New York, which were subject to a mortgage of $30,000. On the day last mentioned Gutwillig and Wiederman & Rosenbaum entered into an agreement whereby the former contracted to sell and convey the Sixteenth street property to the latter for $56,000, the purchasers to take subject to the $30,000 mortgage, and to give in addition a purchase-money mortgage of $26,000. Gutwillig further agreed to advance to Wiederman & Rosenbaum $31,500 towards the construction of buildings on the Sixteenth street land, such advances to be made from time to time as the buildings progressed; and Wiederman & Rosenbaum agreed to make a further mortgage on the Sixteenth street property to secure all the advances made by Gutwillig. The Sixteenth street premises were conveyed to Wiederman & Rosenbaum pursuant to this arrangement, and they gave back a mortgage for $26,000, and also the mortgage to secure the advances. They then began to erect buildings on the Sixteenth street land, and Gutwillig advanced to them money, under the loan agreement, amounting on July 5, 1895, to $12,287.97. It is not disputed that the security of the mortgage for advances attached to that amount.

After that much money had been advanced, Wiederman & Rosenbaum failed in business and abandoned the work of construction. Meantime, Wiederman & Rosenbaum had given to Gutwillig the mortgage upon the Twelfth street property, in pursuance of the contract by which Gutwillig was to make advances. It was additional security for the performance by Wiederman & Rosenbaum of their covenants under that contract. The bond to which it was collateral was, among other things, conditioned upon such performance, and also that in case Wiederman & Rosenbaum "shall pay and make good to said Alfred Gutwillig any and all damage which he may sustain by reason of the failure of said Morris Wiederman and Jacob Rosenbaum to keep and perform said building loan agreement or any part thereof as aforesaid, then the above obligation to be void."

During the course of the work under the contract between Gutwillig and Wiederman & Rosenbaum, the latter became indebted to the claimants Ames upon certain promissory notes to secure which they gave the mortgage of February 11, 1895, above mentioned. On the failure of Wiederman & Rosenbaum the purchase-money mortgage on the Sixteenth street property was foreclosed, and after applying the proceeds of sale, including the surplus credited upon the mortgage for advances, there remained due from Wiederman to Gutwillig more than $9,000 on account of such advances, no part of which has been paid. The only security to Gutwillig then remaining for that $9,000 was the $3,000 mortgage of January 30, 1895, on the Twelfth street property, which mortgage Gutwillig assigned to the claimants Schmohl and Kane, and under which they claim the surplus in this proceeding, that surplus arising from the foreclosure of a mortgage prior to both of those held by the claimants here. The practical question before the referee on this proceeding was whether, under this state of facts, Schmohl and Kane had any claim upon the surplus. He decided they had not, for the reason that there was no proof that Gutwillig or his assigns "sustained any damage by reason of a failure of said Morris Wiederman and Jacob Rosenbaum to keep and perform the building loan agreement or any part thereof."

Three propositions are urged in support of the referee's decision: *First*, that he had no power to determine in this proceeding a question of damages; *second*, that no damages were proven, and, *third*,

that the proper rule of damages applicable to the breach of the building loan agreement is such as to deprive the appellants here of any right to this surplus.

(1) There can be no doubt as to the power of the referee to determine the matter of damages, as that matter arises in this proceeding. The inquiry related to the existence of liens, their amount and the respective rights of the lienors. The validity of the appellants' mortgage is not disputed and its priority in point of time is incontestable. The real question is, was there an ascertained and definite amount due upon that mortgage to which the appellants were presently entitled ? The mortgage itself ceased to be enforcible against the property. It had been wiped out by the foreclosure of a prior mortgage. Whatever lien existed was transferred to the surplus. If the amount were really fixed, whether it be called an amount due upon the mortgage, or liquidated damages for the breach of the agreement, makes no difference upon the question of the power of the referee. There was nothing to be tried by a jury. The existence of the lien, the amount being fixed, was the only matter involved in the investigation. That was a question with which a jury would have nothing to do, and which was, therefore, within the cognizance of the referee.

(2) But it is claimed no damages were proven. We agree with the respondent that damages could only arise from the breach of that condition of the bond which provided for the failure of the obligation to keep and perform all the terms of the building loan agreement, or any part thereof. The obligors did not perform that agreement, but abandoned it. What damage did Gutwillig sustain directly resulting from that abandonment ? We must take the situation as it was and not speculate upon contingencies or possibilities. By the default of the obligors, Gutwillig lost the security of the mortgage for advances on the Sixteenth street property to the amount of $9,000. He was under no obligation to go on and finish the buildings; he was entitled to stand on his contract and look to his securities. He could claim under the $3,000 mortgage all ascertained damage directly consequent upon the breach of the condition of the bond. What was that ? Loss of everything by way of security except his claim to the surplus on the sale of the Sixteenth street property and his right of recourse to the $3,000 mort-

gage on the Twelfth street property. His rights were fixed when Wiederman & Rosenbaum abandoned their contract.

(3) Under such circumstances the proper measure of damages is the amount of the loss that directly and necessarily resulted from the breach of the condition of the bond. That breach was fully proven. Gutwillig was entitled to resort to his securities and to realize what he could upon them. The breach of the condition of the bond caused a loss of $9,000, advances made by Gutwillig. We are not authorized to look beyond the situation as it was at the time of the default of Wiederman & Rosenbaum, or to speculate upon what might have happened under other possible circumstances. The full amount of damage was ascertained and liquidated when the surplus arising on the sale of the Sixteenth street property was applied in reduction of Gutwillig's advances; and so much of that amount as was secured by the mortgage on the Twelfth street property was the sum due on that mortgage and payable out of the surplus.

The order appealed from should be reversed and the matter sent back to a new referee for a rehearing, with ten dollars costs and disbursements to appellants to abide event.

BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Order reversed and matter sent back to a new referee for a rehearing, with ten dollars costs and disbursements to appellants to abide event.